United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50112
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID GALLEGOS-ALVAREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1668-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Gallegos-Alvarez appeals the sentence imposed following his guilty-plea conviction for illegal reentry into the United States following deportation. For the first time on appeal, Gallegos argues that the district court committed plain error under United States v. Booker, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the sentencing guidelines. He suggests that this issue might not be subject to plain error review. He additionally asserts that the error was plain because it was structural or because prejudice

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should otherwise be presumed. He further maintains that he was prejudiced by the error because the district court may have given him a lesser sentence if it had known that the guidelines were merely advisory.

We review for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). The district court's error was not structural and prejudice is not presumed. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005); United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). Although the district court was sympathetic to him, Gallegos has not shown that he was prejudiced or that the district court committed plain error. See United States v. Creech, 408 F.3d 264, 272 (5th Cir. 2005) (mere sympathy to defendant is insufficient); United States v. Bringier, 405 F.3d 310, 317 & n.4 (5th Cir. 2005) (sentence at bottom of guidelines range is insufficient), petition for cert. filed (July 26, 2005) (No. 05-5535); see also Martinez-Lugo, 411 F.3d at 600 (plain error analysis is the same for Sixth Amendment Booker error and "Fanfan" error).

Also for the first time on appeal, Gallegos argues that the sentence enhancing provisions contained in 8 U.S.C. §§ 1326(b)(1) and (b)(2) are unconstitutional. This argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United

States, 523 U.S. 224, 235 (1998).  Apprendi v. New Jersey, 530 U.S. 466 (2000), did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  The Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and Booker did not overrule Almendarez-Torres.  See Booker, 125 S. Ct. at 756; Blakely, 124 S. Ct. at 2536-43.  This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (quotation marks omitted).

AFFIRMED.